UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RALPH HILAIRE,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General of the United States, U.S. Department of Justice,<br>Respondents. | Case No.: 3:26-cv-05539-LEK-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Before this Court is Petitioner Jean Ralph Hilaire's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on September 28, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Warden, Otay Mesa Detention Center; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); David J. Venturella, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement ("ICE"); and Todd Blanche, Attorney General of the United States, U.S. Department of Justice ("Respondents"), filed a response to the Petition ("Response") on October 5, 2026. [Dkt. no. 5.] On October 7, 2026, Petitioner filed a traverse ("Traverse"). [Dkt. no. 6.]

## BACKGROUND

Petitioner, a citizen and native of Haiti, entered the United States on June 22, 2023. See Petition at ¶¶ 2, 25-26; see also Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 7/29/26 ("Form I-213")) at 2. Petitioner was admitted and granted parole into the United States under the Haitian Humanitarian Parole program through June 20, 2025. See Petition at ¶ 26; id., Exh. 1 (printout of U.S. Customs and Border Protection website, with information regarding Petitioner's most recent Form I-94); Response, Exh. 1 (Form I-213) at 2. In 2023, United States Citizenship and Immigration Services ("USCIS") issued Petitioner work authorization documents. See Petition at ¶ 30; see also id., Exh. 4 (Petitioner's Employment Authorization card, valid from 7/31/23 to 5/20/25). Petitioner applied for asylum and was scheduled to attend his affirmative asylum interview on July 28, 2026. See Petition at ¶¶ 28-29; see also id., Exh. 3 (USCIS Notice of Action, Form I-797C, dated 5/29/26 ("5/29/26 Form I-797C")).

On July 28, 2026, and pursuant to the 5/29/26 Form I-797C, Petitioner appeared at his affirmative asylum interview at the USCIS Newark Asylum Office in Newark, New Jersey. See Petition at ¶ 33; see also id., Exh. 3. Petitioner was re-detained by ICE at his asylum interview. See Petition at ¶ 33. Petitioner asserts that Respondents provided no notice explaining why he was being detained or any type of individualized determination prior to his detention regarding Petitioner's risk of danger to the community or flight risk. See Petition at ¶¶ 32, 54. On September 22, 2026, Petitioner was ordered removed from the United States. He has until October 22, 2026 to appeal to the Board of Immigration Appeals. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 35. Petitioner's primary argument is that his re-detention violates his due process rights. See id. at pgs. 10-12. Petitioner also argues that Respondents' decision to detain him violated the Administrative Procedure Act ("APA"), Title 5 United States Code

Section 706(2)(A). [Id. at pgs. 12-13.] Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pgs. 13-15.

Respondents assert "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not apply to Petitioner. See id. Nevertheless, Respondents "acknowledge[] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions." [Id. at 2-3 (citing cases).] They also admit that they "have insufficient information regarding termination of [Petitioner's] parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court," [id. at 2,] although they assert that "Petitioner was arrested for a car accident that caused vehicle damage and later pled guilty to the charge," [id. at 3 (citation omitted)]. Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id.]

## **DISCUSSION**

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioner's detention. However, as Petitioner recognizes, whether Section 1225(b)(2) "governs Petitioner's present detention is distinct from whether Respondents could take Petitioner from physical liberty into detention without prior notice, an opportunity to be heard, and an individualized determination before a neutral decisionmaker." [Traverse at 5.] Nor does Respondents' passing reference to Petitioner's guilty plea concerning a "charge" "for a car accident that caused vehicle damage," [Response at 3 (citation omitted),] establish that Petitioner received an individualized determination prior to his re-detention.

While Respondents assert that this Court should decline to address, *inter alia*, Petitioner's due process arguments, see id. at 3 n.2, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on July 28, 2026. See Petition at ¶ 33. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention.[2] Providing Petitioner

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioner's parole reverts the authority for his detention to Section 1225(b)(2). See Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with his or her parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026

(. . . continued)

a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 15. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Jean Ralph Hilaire's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed September 28, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's detention on July 28, 2026. Respondents are also ORDERED to present Petitioner with the following options for his release: 1) immediate release in this District, no later than **twenty-four hours** after the filing of this Order; or 2) release in or near Newark, New Jersey by **October 23, 2026.**

---

WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

[3] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's APA claim. See Petition at pgs. 12-13.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **October 30, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 16, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**JEAN RALPH HILAIRE VS. CHRISTOPHER LAROSE ET AL.; CASE NO. 3:26-CV-05539-LEK-VET; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**